NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JAN 18 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JEFFERY BASIL-SAMMS, | No. 15-70413 |
| Petitioner, | Agency No. A078-534-919 |
| v. | |
| MATTHEW G. WHITAKER, Acting Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted January 15, 2019**

Before:    TROTT, TALLMAN, and CALLAHAN, Circuit Judges.

Jeffery Basil-Samms, a native and citizen of Jamaica, petitions for review of

the Board of Immigration Appeals' ("BIA") order denying his motion to reopen

removal proceedings conducted in absentia. Our jurisdiction is governed by

8 U.S.C. § 1252. We review for abuse of discretion the denial of a motion to

---

\*    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

reopen, and we review de novo due process claims. *Mohammed v. Gonzales*, 400 F.3d 785, 791-92 (9th Cir. 2005). We deny in part and dismiss in part the petition for review.

The BIA did not abuse its discretion or violate due process in denying Basil-Samms's second motion to reopen as untimely and number-barred, where it was filed 13 years after the agency's final removal order, *see* 8 C.F.R. § 1003.2(c)(2), and where the BIA had previously denied Basil-Samms's first motion to reopen and rescind his in absentia removal order based on lack of notice, *see* 8 C.F.R. §§ 1003.2(c)(3), 1003.23(b)(4)(ii) ("[a]n alien may only file one motion" to reopen and rescind an in absentia removal order); *Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000) (requiring error and substantial prejudice to prevail on a due process challenge).

To the extent Basil Samms seeks review of the BIA's August 2014 order dismissing his appeal from the immigration judge's denial of his first motion to reopen, we lack jurisdiction because this petition is not timely as to that order. *See* 8 U.S.C. § 1252(b)(1).

In light of our disposition, we do not reach Basil-Samms's remaining contentions. *See Simeonov v. Ashcroft*, 371 F.3d 532, 538 (9th Cir. 2004).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**

2                                                                    15-70413